IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTERNATIONAL IMPORTERS, INC., <br> a Florida corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL SPIRITS & WINES, LLC, <br> a New York limited liability company, <br><br> and <br><br> D'AQUINO GROUP OF COMPANIES, <br> a business organized under the laws of Australia, <br><br> Defendants. | CASE NUMBER:_____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff INTERNATIONAL IMPORTERS, INC. (the "Plaintiff"), hereby files this Complaint for Trademark Infringement, Unfair Competition and Deceptive and Unfair Trade Practices and sues Defendants INTERNATIONAL SPIRITS & WINE, LLC ("ISW") and D'AQUINO GROUP OF COMPANIES ("D'Aquino"), (the "Defendants") (each, the "Party" and collectively, the "Parties") and states:

1.  This is an action for a violation of a federally registered trademark, common law trademark rights and unfair competition under 15 U.S.C. §§ 1114; 1116, and 1125; trademark infringement and unfair competition under the common law of Florida; and deceptive and unfair trade practices under Fla. Stat. §§ 501.201 *et. seq.*

Case No. _____

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Fort Lauderdale, Florida.

3. Upon information and belief, Defendant ISW is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in Mt. Kisco, New York.

4. Upon information and belief, Defendant D'Aquino is a company organized and existing under the laws of Australia, with its principal place of business in Orange, New South Wales, Australia.

5. Defendant ISW advertises wine for sale under the mark WALLABY CREEK in numerous channels, including its website at <<www.iswusa.com>>.

6. Defendant ISW's wine is accessible for purchase throughout the country, including Broward County, Florida, and Defendant ISW offers its products for sale to consumers located in Broward County Florida.

7. Upon information and belief, Defendant D'Aquino imports wine into the United States for distribution and sale by Defendant ISW under the mark WALLABY CREEK.

## JURISDICTION

8. This Court has jurisdiction over the asserted trademark claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over all related unfair competition claims under 28 U.S.C. § 1338(b).

9. All other claims asserted in this action arise out of the same transaction or occurrence, so this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

10. Personal jurisdiction is proper pursuant to Fla. Stat. §§ 48.193(1)(b) and 8.193(2) because Defendants have "[c]ommitt[ed] a tortious act within this state" by importing wine under the mark WALLABY CREEK into the United States and distributing and selling that wine in this District and, upon information and belief, are engaged in substantial and not isolated activity within this state.

**VENUE**

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**BACKGROUND**

12. Plaintiff has engaged in the business of selling wine and spirits under the trademark "WALLABY CREEK."

13. Wine has been sold directly or through distributors and agents under the mark "WALLABY CREEK" throughout the United States since 2001.

14. "WALLABY CREEK" has been advertised throughout the United States and Plaintiff's wine has met with popular approval and as a result of Plaintiff's sales and advertising.

15. A specimen of Plaintiff's label, on which its trademark "WALLABY CREEK" is displayed, is attached to this complaint as Exhibit "A" and is herein incorporated by reference.

16. The designation "WALLABY CREEK" has come to mean and is understood to mean the Plaintiff and Plaintiff's products only, and the mark "WALLABY CREEK" is a strong and distinctive mark by which the goods of the Plaintiff are distinguished from similar goods. This is true throughout the United States, including the State of Florida.

17. Plaintiff registered its trademark "WALLABY CREEK" with the United States Patent & Trademark Office for use in connection with spirits and wines, which registration was issued on February 28, 2006 as U.S. Trademark Registration No. 3064051 (the "Registration").

The Registration is valid and subsisting, and Plaintiff is an owner of the Registration. A copy of the Registration is attached to this Complaint as Exhibit "B" and is herein incorporated by reference.

18. Plaintiff is aware that Defendant ISW advertises wine for sale on its website and sells that wine throughout the United States, including the State of Florida, under the mark "WALLABY CREEK." A printout showing Defendant ISW's wine advertised on its website under the mark "WALLABY CREEK " is attached to this Complaint as Exhibit "C" and is herein incorporated by reference.

19. Upon information and belief, Defendant ISW has sold wine under the mark "WALLABY CREEK" with notice of the prior use by Plaintiff of the trademark "WALLABY CREEK." A specimen of a label from the wine sold and distributed by Defendant ISW under the mark "WALLABY CREEK" is attached to this Complaint as Exhibit "D" and is herein incorporated by reference.

20. Upon information and belief, Defendant D'Aquino bottles wine bearing the counterfeit mark "WALLABY CREEK" in Australia and imports the wine into the United States.

21. Upon information and belief, Defendant D'Aquino sells the imported wine bearing the counterfeit mark "WALLABY CREEK" to Defendant ISW.

22. The mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's federally registered trademark "WALLABY CREEK" and constitutes a counterfeit mark as defined in 15 U.S.C. § 1116(d)(1)(B)(i).

23. The mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's common law trademark "WALLABY CREEK."

24. Defendants' use of the mark "WALLABY CREEK" constitutes trademark infringement, unfair competition and deceptive and unfair trade practices under the laws of the United States and the State of Florida.

25. Defendants' unlawful use of the mark "WALLABY CREEK" has deprived the Plaintiff of money and profits that it otherwise would have earned had the Defendants' illegal and improper conduct not occurred.

26. Defendants' use of the mark "WALLABY CREEK" is without the license or consent of the Plaintiff.

27. Unless restrained by this Court, Defendants will continue to infringe Plaintiff's federally registered trademark and common law trademark rights, to Plaintiff's irreparable injury.

28. Plaintiff provided notice to Defendants of the infringement and Defendants continued their unlawful use of the mark "WALLABY CREEK" since that time.

## COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114(1) and 1125(a)

29. Plaintiff repeats the allegations of Paragraphs 1-28 as if fully set forth herein.

30. Defendants adopted the mark "WALLABY CREEK" as a trademark for use in connection with the sale of wine with notice of the prior use by Plaintiff of the trademark "WALLABY CREEK."

31. Defendants' mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's federally registered trademark "WALLABY CREEK."

32. Defendants' mark "WALLABY CREEK" is confusingly similar to Plaintiff's common law trademark "WALLABY CREEK."

33. Defendant's use of the mark "WALLABY CREEK" on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated

with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

34. Defendants' use of the mark "WALLABY CREEK" constitutes infringement of Plaintiff's federally registered trademark rights under the laws of the United States.

35. Defendants' use of the mark "WALLABY CREEK" constitutes infringement of Plaintiff's common law trademark rights under the laws of the United States.

36. The mark "WALLABY CREEK" as used by Defendants is a counterfeit mark as defined in 15 U.S.C. § 1116(d)(1)(B)(i).

37. Defendants' use of the mark "WALLABY CREEK" is without the license or consent of the Plaintiff.

38. Defendants continued to use the mark "WALLABY CREEK" without license or consent from Plaintiff after being informed of Plaintiff's prior trademark rights.

39. Defendant's use of the mark "WALLABY CREEK" has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

40. Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its federally registered and common law trademark rights unless Defendants are enjoined from further use of the mark "WALLABY CREEK."

### COUNT II
### Unfair Competition Under 15 U.S.C. § 1125(a)

41. Plaintiff repeats the allegations of Paragraphs 1-28 as if fully set forth herein.

42. Defendants adopted the mark "WALLABY CREEK" as a trademark for use in connection with the sale of wine with notice of the prior use by Plaintiff of the trademark "WALLABY CREEK."

43. Defendants' mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's registered trademark "WALLABY CREEK."

44. Defendants' mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's common law trademark "WALLABY CREEK."

45. Defendants' use of the mark "WALLABY CREEK" on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

46. Defendants' use of the mark "WALLABY CREEK" constitutes unfair competition under the laws of the United States.

47. The mark "WALLABY CREEK" as used by Defendants is a counterfeit mark as defined in 15 U.S.C. § 1116(d)(1)(B)(i).

48. Defendants' use of the mark "WALLABY CREEK" is without the license or consent of the Plaintiff.

49. Defendants continued to use the mark "WALLABY CREEK" without license or consent from Plaintiff after being informed of Plaintiff's prior trademark rights.

50. Defendants' use of the mark "WALLABY CREEK" has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

51. Plaintiff has been harmed and will continue to be harmed unless Defendants are enjoined from further use of the mark "WALLABY CREEK."

## COUNT III
### Trademark Infringement Under the Common Law of the State of Florida

52. Plaintiff repeats the allegations of Paragraphs 1-28 as if fully set forth herein.

53. Defendants adopted the mark "WALLABY CREEK" as a trademark for use in connection with the sale of wine with notice of the prior use by Plaintiff of the trademark "WALLABY CREEK."

54. Defendants' mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's federally registered trademark "WALLABY CREEK."

55. Defendants' mark "WALLABY CREEK" is confusingly similar to Plaintiff's common law trademark "WALLABY CREEK."

56. Defendants' use of the mark "WALLABY CREEK" on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

57. Defendants' use of the mark "WALLABY CREEK" constitutes infringement of Plaintiff's common law trademark rights under the laws of the State of Florida.

58. Defendants' use of the mark "WALLABY CREEK" is without the license or consent of the Plaintiff.

59. Defendants continued to use the mark "WALLABY CREEK" without license or consent from Plaintiff after being informed of Plaintiff's prior trademark rights.

60. Defendants' use of the mark "WALLABY CREEK" has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

61. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its common law trademark rights unless Defendants are enjoined from further use of the mark "WALLABY CREEK."

Case No. _____

## COUNT IV
### Unfair Competition Under the Common Law of the State of Florida

62. Plaintiff repeats the allegations of Paragraphs 1-28 as if fully set forth herein.

63. Defendants adopted the mark "WALLABY CREEK" as a trademark for use in connection with the sale of wine with notice of the prior use by Plaintiff of the trademark "WALLABY CREEK."

64. Defendants' mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's federally registered trademark "WALLABY CREEK."

65. Defendants' mark "WALLABY CREEK" is confusingly similar to Plaintiff's common law trademark "WALLABY CREEK."

66. Defendants' use of the mark "WALLABY CREEK" on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

67. Defendants' use of the mark "WALLABY CREEK" constitutes unfair competition under the laws of the State of Florida.

68. Defendants' use of the mark "WALLABY CREEK" is without the license or consent of the Plaintiff.

69. Defendants continued to use the mark "WALLABY CREEK" without license or consent from Plaintiff after being informed of Plaintiff's prior trademark rights.

70. Defendants' use of the mark "WALLABY CREEK" has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

71. Plaintiff has been harmed and will continue to be harmed unless Defendants are enjoined from further use of the mark "WALLABY CREEK."

## COUNT V
### Deceptive and Unfair Trade Practices Under Fla. Stat. §§ 501.201 et. seq.

72. Plaintiff repeats the allegations of Paragraphs 1-28 as if fully set forth herein.

73. Defendants adopted the mark "WALLABY CREEK" as a trademark for use in connection with the sale of wine with notice of the prior use by Plaintiff of the trademark "WALLABY CREEK."

74. Defendants' mark "WALLABY CREEK" is identical and confusingly similar to Plaintiff's federally registered trademark "WALLABY CREEK."

75. Defendants' mark "WALLABY CREEK" is confusingly similar to Plaintiff's common law trademark "WALLABY CREEK."

76. Defendants' use of the mark "WALLABY CREEK" constitutes trademark infringement and unfair competition under the laws of the United States and the State of Florida.

77. Defendants' use of the mark "WALLABY CREEK" constitutes unfair or deceptive acts or practices in the conduct of trade and commerce under the laws of the States of Florida.

78. Defendants' use of the mark "WALLABY CREEK" has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

79. Plaintiff has been harmed and will continue to be harmed unless Defendants are enjoined from further use of the mark "WALLABY CREEK."

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court issue judgment in favor of Plaintiff and against Defendants and further requests an Order:

Case No. _____

    A. That Defendants, their agents, servants, employees, privies, successors, and assigns, and all claiming any rights through Defendants, be restrained during the pendency of this suit and afterwards, perpetually enjoined and restrained from:

    i. Using the words "WALLABY CREEK" or any designation including the word "WALLABY CREEK" or any other colorable imitation of Plaintiff's federally registered and common law trademark "WALLABY CREEK" as a mark for use in connection with the sale of wine and other products or goods similar to those of Plaintiff;

    ii. Using the words "WALLABY CREEK" or any designation including the words "WALLABY CREEK" or any other colorable imitation of Plaintiff's federally registered and common law trademark "WALLABY CREEK" in any trade name or assumed name; and

    iii. Otherwise infringing Plaintiff's "WALLABY CREEK" federally registered and common law trademark.

    B. That Defendants account to Plaintiff and pay Plaintiff all profits realized from the sale of products bearing the mark "WALLABY CREEK" or any colorable imitation thereof.

    C. That Plaintiff recover all damages sustained on account of Defendants' trademark infringement, unfair competition and deceptive and unfair trade practices.

    D. That all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendants bearing the mark "WALLABY CREEK", or any colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered to Plaintiff and destroyed.

    E. That Plaintiff be awarded treble profits or damages, whichever is greater, under 15 U.S.C. § 1117.

    G. That Plaintiff be awarded its reasonable attorney's fees.

    H. That Plaintiff be awarded its costs of this suit.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

*[signature]*

Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.
1844 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel.:   (954) 812-0660
Fax:   (866) 517-9150
Email: flintiplaw@att.net

Attorney for Plaintiff INTERNATIONAL IMPORTERS, INC.