## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

      Plaintiff,                        CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

      Defendants.
_____/

## DEFENDANTS, INTERNATIONAL SPIRITS & WINES, LLC AND D'AQUINO GROUP OF COMPANIES, MOTION TO DISMISS UNDER RULES 12(b)(1), 12(b)(4), 12(b)(5) AND 12(b)(7) AND INCORPORATED MEMORANDUM OF LAW

Defendants, International Spirits & Wines, LLC and D'Aquino Group Of Companies (collectively "Defendants"), file this motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(7) and as grounds therefore state as follows:

## INTRODUCTION

This case involves alleged infringement under the federal Trademark Act of the trademark WALLABY CREEK, which is the subject of U.S. Trademark Registration No. 3064051. As shown herein, Plaintiff does not have standing to prosecute this case against either Defendant because it does not own or represent the entire interest in the asserted trademark registration. All owners of the trademark registration which is the subject of this litigation are

necessary parties.[1]  Because all necessary parties are not before the Court, and cannot be brought before this Court, this case must be dismissed pursuant to Rule 19 of the Federal Rules of Civil Procedure.   Additionally, the Complaint should be dismissed as to D'Aquino Group of Companies for failure to name a proper party.

## **ARGUMENT**

### I.      **Plaintiff Does Not Have Standing to Assert Trademark Infringement**

Standing to sue is a threshold jurisdictional question.  *Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005).  The party bringing the action bears the burden of establishing it.  *Bischoff v. Osceola County, Fla.,* 222 F.3d 874, 878 (11th Cir. 2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  If the plaintiff lacks standing, a defendant may bring a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  If standing is challenged as a factual matter, as it is in this case, the plaintiff must come forward with "competent proof," showing that standing exists.  *Benefield v. International Paper Co.*, No. 2:09cv232-WHA, 2010 WL 4180757, at *6 (M.D. Ala. Oct. 20, 2010) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009)).

A party's standing to sue for trademark infringement derives from the Trademark Act, which provides that a registrant shall have remedy by civil action for trademark infringement. *See e.g., Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, No. 8:06-CV-1790-T-27EAJ, 2006 WL 3755328, at *6 (M.D. Fla. Nov. 15, 2006); *Enovsys LLC v. Nextel Communications, Inc.*, 614 F.3d 1333, 1341 (Fed. Cir. 2010).  If there are co-owners, each must join in the action (unless one party holds all substantial rights).  *See Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007) ("Absent the voluntary joinder of all co-owners of a patent,

---

[1] Defendants also have an ownership interest in the trademark WALLABY CREEK, which will be pertinent if this case were to move forward.

a co-owner acting alone will lack standing."); *see also*, *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998) (a patent case holding that, "all coowners must ordinarily consent to join as plaintiff in an infringement suit" and recognizing that, as result of this rule, one co-owner even has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit); *Keg Technologies, Inc. v. Laimer*, 436 F.Supp. 2d 1364, 1368 (N.D. Ga. 2006) (recognizing that non-joinder of patent co-owner results in prudential standing issue).

## II.     All Owners of the Trademark At Issue Are Indispensible Parties

As a general matter, in cases involving the infringement of intellectual property, "all co-owners normally must join as plaintiffs in an infringement suit." *Int'l Nutrition Co. v. Horphag Research Ltd.,* 257 F.3d 1324, 1331 (Fed. Cir. 2001).  While there are fewer reported cases involving trademarks than patents, "Courts that have faced the issue have treated trademark owners as indispensable[2] for Rule 19 purposes in infringement actions.*"  Jaguar Cars Limited v. Manufacturers de Montres Jaguar,* 196 F.R.D. 306, 309 (E.D. Mich. 2000).

Indeed, many courts have determined that all trademark owners of parties must be joined and are indispensable parties pursuant to Rule 19.  *See e.g., Merial Ltd. v. Intervet Inc.,* 430 F.Supp. 2d 1357, 1363 (N.D. Ga. 2006); *May Apparel Group, Inc. v. Ava Import-Export, Inc.*, 902 F.Supp. 93 (M.D.N.C. 1995); *see also JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F.Supp. 623 (M.D. Tenn. 1988); *Discount Muffler shop, Inc. v. Meineke Realty Corp., Inc.*, 535 F.Supp. 439 (N.D. Ohio 1982); *Earl v. Peverett*, No. 90 Civ. 5019(MBM), 1991 WL 33281 at *2 (S.D.N.Y. Mar. 7, 1991).

---

[2]   The terminology under Rule 19 refers to a "person who is required to be joined if feasible [who] cannot be joined", and the conclusory word "indispensible" no longer appears.  However, as the deletion of the word was not a substantive change, this Memorandum makes reference to an indispensible party, which is the traditional nomenclature since that terminology is used in the cited cases.

Classifying trademark owners as indispensable parties serves several purposes. It protects absent trademark owners for the estoppel effort of a judgment in which the trademark owner did not participate. It protects defendants' interest in avoiding multiple suits concerning the same basic facts, and it protects the public interest in efficiently utilizing judicial resources.

As one court has explained in a patent case, since "if all the co-owners are not joined in an infringement suit, there may be a risk that the defendant will be subject to multiple suits." *E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.,* No. 00 Civ.8670 LTS GWG, 2003 WL 22064257, at *3 (S.D.N.Y. Sept. 5, 2003) (quoting *IBM Corp. v. Conner Peripherals,* No. C 93 20591 RMW, 1994 WL 409493, at *3 (N.D. Cal. Jan. 28, 1994)); *see also Union Trust Nat'l Bank v. Audio Devices, Inc.,* 295 F. Supp. 25, 27 (S.D.N.Y. 1969) ("That all co-owners be parties to a suit is a necessary requirement if conflicting decisions about the same patent (for example, its validity) are to be avoided.").

### III.     The Complaint Must Be Dismissed Against Both Defendants for Lack of Personal Jurisdiction Over An Indispensable Party

"Rule 19 sets forth a two-step analysis in deciding whether to dismiss an action for failure to join an absent party. First, Rule 19(a) provides a framework for deciding whether a given person or party should be joined. This question has been commonly analyzed as whether the non-joined party is "necessary." *Kernel Records Oy v. Mosley*, No. 09-21597-Civ, 2010 WL 2812565, at *14 (S.D. Fla. July 5, 2010). Where a "necessary" party cannot be joined, the court must then determine whether the party is "indispensable." *Id*. If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b). *Id.*

#### A.     *Maple Leaf Distillers is a Necessary Party*

A person is a "necessary" party under Rule 19(a) if "in that person's absence, the court cannot accord complete relief among existing parties," or if the party has "an interest relating to

the subject of the action and is so situated that the disposition of the action in the person's absence . . . may as a practical matter impair or impede the person's ability to protect that interest."  FRCP 19(a);  *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003) (citations omitted) ("In making the first determination-i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control.")

Maple Leaf Distillers is undeniably a "necessary" party to this litigation.  As certified by the Patent and Trademark Office, Maple Leaf Distillers has an ownership interest in the registration at issue in this case.  *See* certified status copy of the federal trademark registration appended hereto as **Exhibit "A"**.[3]

Each trademark owner is a "necessary party" under FRCP 19(a) because each "claims an interest relating to the subject of the action . . . and the disposition of the action in [their] absence … may impair or impede [their] ability to protect that interest."  *See American Optical Co. v. Curtiss*, 59 F.R.D. 644, 648 (S.D.N.Y. 1973) (holding that all alleged co-owners of a patent were necessary parties in an action in which the patent's ownership was in dispute).

In *Marrero Enterprises Of Palm Beach, Inc. v. Estefan Enterprises, Inc.*, No. 06-81036-CIV, 2007 WL 4218990, at *2 (S.D. Fla. Nov. 29, 2007), this court noted the numerous cases requiring an owner of a trademark be made a party to an infringement action involving that owner's trademark.  The court held that "[a]n owner/licensor or [sic] of a trademark is, pursuant Rule 19, required as a necessary party in actions concerning those rights to allow the Court to accord complete relief and to avoid the risk of multiple or inconsistent obligations or repetitive

---

[3] For purposes of a standing challenge, the Court may consider evidence outside of the pleadings at the motion to dismiss stage.  *See Bischoff*, 222 F.3d at 878 n.4 (explaining that the court may initiate a factual inquiry within the scope of a motion to dismiss pursuant to Rule 12(b)(1)).

litigation arising from the same facts."   Although the *Marrero Enterprises* case involved an infringement action that had been brought by a trademark licensor, the same rationale applies here, because this case would have the same effect on the absent owner, and it exposes the defendants to the same risk of a second claim from the absent owner.

### B.   *In the Absence of an "Indispensable Party" This Action Must be Dismissed Pursuant to FRCP 12(b)(7)*

Maple Leaf Distillers is a Canadian corporation, over which this court does not have jurisdiction, and which has not voluntarily joined with Plaintiff in bringing this action.

If a "necessary" party under Rule 19(a) cannot be joined for lack of jurisdiction, "the court [in deciding whether such party is 'indispensable'] must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." F.R.C.P. 19(b).   "Indispensable parties under Rule 19(b) are persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."   *EEOC v. Peabody*, 400 F.3d 774, 780 (9th Cir. 2005); *see also Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 75 (2d Cir. 1984) (where a party "possess[es] rights … 'which are inextricably intertwined' with issues bound to be raised in an action," that party should be considered an "indispensible party" (internal citations omitted)).   Under Federal Rule of Civil Procedure 19(b), the Court is to consider the following factors to determine if a party is indispensable:

(1)   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)   the extent to which any prejudice could be lessened or avoided by: (a) protective provisions in the judgment; (b) shaping the relief; or (c) other measures;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

With respect to the first factor, a judgment would obviously prejudice Maple Leaf Distillers because this court's holding would necessarily affect the rights in the asserted trademark. *See American Optical Co.*, 59 F.R.D. at 650.

As to Rule 19(b)'s second factor, there is no way such prejudice to Maple Leaf Distillers could be "lessened." To the extent that there is any infringement, Maple Leaf Distillers has a right to prosecute the infringement. If the case were to proceed in the party's absence, that right would be determined without Maple Leaf's participation.

Because this action seeks the exercise of rights owned by multiple parties, the lack of personal jurisdiction over all owners that could be affected by an adverse ruling warrants dismissal. *See Plunket v, Estate Of Dame Jean Conan*, No. 99 Civ. 11006(KMW), 2001 WL 175252, at *8 (S.D.N.Y. Feb. 22, 2001); *Scott v. Paramount Pictures Corp.*, 449 F.Supp. 518, 520 (D.D.C. 1978) (dismissing complaint for failure to join necessary party whose copyright interests would be affected by an adverse judgment).

With respect to Rule 19(b)'s third factor, a judgment in this action would not adequately and completely resolve this dispute, and would pose "the possibility of multiple lawsuits and inconsistent verdicts" because such judgment would not be binding on Maple Leaf Distillers for lack of personal jurisdiction. Thus, if defendants were to prevail, they could face a separate and duplicate claim from Maple Leaf Distillers. *See Wales Industrial, Inc. v. Hasbro Bradley, Inc.*, 612 F.Supp. 510, 517 (S.D.N.Y. 1985) (holding that because a non-party would not be bound by a judgment, all persons having an interest therein must be joined or the action dismissed). *Plunket*, 2001 WL 175252, at *8, 21 (dismissing complaint because failure to join all affected

parties "would thus risk the possibility of multiple lawsuits and inconsistent verdicts.")  *See also Ediciones Quiroga S.A. v. Fall River Music, Inc.*, No. 93 CIV. 3914 (RPP), 1995 WL 103842, at *10-11 (S.D.N.Y. Mar. 7, 1995) (holding that adjudication of copyright owned by indispensable non-party may result in multiple, inconsistent verdicts, thus requiring either joinder or dismissal); *Ronson Corp. v. First Stamford Corp.*, 48 F.R.D. 374, 377 (D.Conn. 1970) (dismissing the case pursuant to Rule 19 because "any judgment would substantially affect [the non-party's] use of the property" and therefore "would almost certainly result in a new lawsuit.").

Further, there has been no discovery, the litigation is in its early stages and no party will be prejudiced if the Complaint is dismissed so that a necessary and indispensable party can be joined.

Lastly, Plaintiff would have an adequate remedy by brining action in an appropriate forum along with Maple Leaf Distillers, or any successors in interest, but it cannot simply ignore the fact that, at most, it can allege only an incomplete partial interest in the trademark it seeks to enforce.

## IV.   The Complaint Should Be Dismissed As to D'Aquino Group of Companies Because It is Not a Proper Party to this Action

Plaintiff has erroneously named D'Aquino Group of Companies as a defendant in this action.  "D'Aquino Group of Entities" is an umbrella term used to refer to several separate and distinct Australian companies.  *See* Declaration of Rex D'Aquino appended hereto as **Exhibit "B"**.  Since "D'Aquino Group of Companies" is not the name of any particular Australian legal entity, it does not have the capacity to sue or be sued in Australia, this Court, or any other court of law.  *See id; see also* Regulation 7.19, New South Wales Consolidated Regulations, Uniform Civil Procedure Rules ("persons are to sue and be sued in their own names, and not under any business name.").  Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5),

Plaintiff's Complaint should be summarily dismissed as to D'Aquino Group of Companies. *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996) (noting that plaintiff's filing of action against non-existent entity resulted in improper process and service of process under Rules 12(b)(4) and (5)).

## <u>CONCLUSION</u>

Plaintiff's Complaint is deficient in a number of respects. Thus, for the reasons stated herein, this Court should dismiss Plaintiff's Complaint as to International Sprits & Wines, LLC and D'Aquino Group of Companies.

CASE NO.: 10-61856-CV-AJ

Dated this 25<u>th</u> day of January, 2011.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE
& AXELROD LLP**
*Attorneys for Defendants International Spirits &
Wines, LLC and D'Aquino Group of Companies*
1450 Brickell Ave, Suite 2300
Miami, Florida 33131
Tel.:   (305) 374-7580
Fax:    (305) 374-7593

*-and-*

Joseph D. Lewis, Esq.
**BARNES & THORNBURG, LLP**
*Attorneys for Defendants International Spirits &
Wines, LLC and D'Aquino Group of Companies*
750 17th Street N.W., Suite 900
Washington, District Of Columbia 20006-4675
Tel:    (202) 289-1313
Fax:    (202) 289-1330

BY:     /s/ *Mitchell E. Widom*
        **MITCHELL E. WIDOM**
        Florida Bar No. 473911
        mwidom@bilzin.com
        **LORI P. LUSTRIN**
        Florida Bar No.  59228
        llustrin@bilzin.com

## <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that on this 25<u>th</u> day of <u>January</u>, 2011 I electronically filed the
foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing
document is being served this day on all counsel of record identified on the attached Service List
in the manner specified, either via transmission of Notice of Electronic Filing generated by
CM/ECF or in some other authorized manner for those counsel or parties who are not authorized
to received electronically Notices of Electronic Filing.

By:     /s/ *Mitchell E. Widom*
        Mitchell E. Widom

10

CASE NO.: 10-61856-CV-AJ

## SERVICE LIST

**Nancy J. Flint, Esq.**
Florida Bar No.:  164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.,
1844 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel: (954) 812-0660
Fax: (866) 517-9150
flintiplaw@att.net


*Attorney for Plaintiff*
*International Importers, Inc., a Florida corporation*