# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,

CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

---

## DECLARATION OF REX D'AQUINO

I, REX D'AQUINO of 129-133 Bathurst Road, Orange, New South Wales, 2800, make the following declaration:

Use of WALLABY CREEK by, or authorised by, Fernbrew in the United States

1. I am a director of Fernbrew Pty Limited (**Fernbrew**), an Australian corporation that is part of the D'Aquino Group of Companies.

2. Fernbrew is the company in the D'Aquino Group of Companies that owns, and authorises the use of, the intellectual property assets used in connection with goods produced and sold by the D'Aquino Group of Companies.

3. I am also a director and General Manager of the company Highland Heritage Estate Sales Pty Ltd (**Highland Heritage**). This Australian company is, together with Fernbrew, part of the D'Aquino Group of Companies. Highland Heritage is the export company entity for the D'Aquino Group of Companies' products.

4. Wine bearing the trade mark "WALLABY CREEK" is produced in Australia under the control of Fernbrew, and sold internationally through Highland Heritage. All use of the trade mark "WALLABY CREEK" is ultimately authorised and controlled by Fernbrew, but Highland Heritage is the entity that deals with the importers of this Australian wine.

5. Wine bearing the trade mark "WALLABY CREEK" has been sold in the United States for around a decade. All "WALLABY CREEK" wine that has been sold by any of the parties to this civil action originated with Fernbrew. This use of the trade mark "WALLABY CREEK" has been authorised by Fernbrew, who permitted its sister company Highland Heritage to enter into contracts with distributors in the United States. Wine bearing the trade mark "WALLABY CREEK" was initially imported into the United States by A.V. Imports, Inc., and later by International Importers, Inc.



-2-

6. By way of letter dated 1 April 2005, Highland Heritage stated the appointment of International Importers, Inc. as the distributor of Australian wines bearing the trade mark "WALLABY CREEK" in the United States. This appointment and the resulting use by International Importers, Inc. was authorised by Fernbrew. Annexed to this declaration and marked **"RD1"** is a copy of this letter.

7. Upon information and belief, the Plaintiff, International Importers, Inc., no longer is selling "WALLABY CREEK" brand wine. The current distributor of this Australian wine in the United States is International Spirits & Wines, LLC.

8. Fernbrew has never abandoned its rights in the United States to the trade mark "WALLABY CREEK" and all use of the trademark in the United States, which is in relation to wines has been authorised by Fernbrew.

### Trade Mark Registrations for, or containing, the name WALLABY CREEK

9. Wine bearing the trade mark "WALLABY CREEK" is produced and sold in Australia, and is exported to a number of overseas markets, including New Zealand, Europe, and Canada, as well as the United States. Trade mark registrations for "WALLABY CREEK" exist in each of these territories, and· Fernbrew has an ownership interest in each of these registrations. Annexed to this declaration and marked **"RD2"** are details of these registrations extracted from online databases of relevant Trade Mark Registers.

### Ownership of the United States Trade Mark Registration for WALLABY CREEK

10. The United States Trade Mark Registration for the name "WALLABY CREEK", and which is the subject of the above referenced proceedings, was filed on 10 June 2002 **(Registration)**. It was filed in the name of A.V. Imports, Inc., who was the initial distributor of this Australian wine bearing the trade mark "WALLABY CREEK" in the United States.

11. Fernbrew subsequently had discussions with A. V. Imports, Inc. regarding the ownership of the Registration, resulting in Fernbrew having an equitable interest in the Registration, which was recognized in a document dated 4 May 2004. Annexed to this declaration and marked **"RD3"** is a copy of this document.

12. The 4 May 2004 document, RD3, is a formalization of the pre-existing agreement by A. V. Imports, Inc. that Fernbrew had an equitable interest in the Registration. This document also shows how the rights in the Registration were to be apportioned as of the time that New World Brands, Inc., was appointed as the U.S. distributor for our "WALLABY CREEK" wine. Some of these rights were agreed to be assigned to Maple Leaf Distillers. Inc., who it was agreed would further assign some of these rights to New World Brands, Inc. Annexed to this declaration and marked **"RD4"** is a copy of an agreement, also dated 4 May 2004, between Maple Leaf Distillers, Inc. and New World Brands, Inc.

13. In the document dated 4 May 2004, RD3, Maple Leaf Distillers, Inc. agreed that should it become insolvent, ownership of its interest in the Registration would automatically be transferred to Fernbrew.

14. By a document dated 8 February 2005, A.V. Imports, Inc. assigned its rights in the Registration to Maple Leaf Distillers, Inc. Annexed to this declaration and marked **"RD5"** is copy of the assignment document.



-3-

15. In accordance with document RD3, by a document dated 9 March 2005, Maple Leaf Distillers, Inc. assigned half of this interest in the Registration, 50%, to New World Brands, Inc. and 25% of its remaining rights vested in Fembrew. Annexed to this declaration and marked "RD6" is a copy of the assignment document between Maple Leaf Distillers, Inc. and New World Brands, Inc. This document is headed "Assignment of 50% of Trademark".

16. In 2005, International Importers, Inc. was appointed as the importer of "WALLABY CREEK" wine, as reflected in document RD1. By a document dated 31 October 2008, New World Brands, Inc. assigned its 50% share of interest in the Registration to International Imports, Inc. This document expressly acknowledges that the interest owned by New World Brands, Inc. in the Registration was "50%" only. Annexed to this declaration and marked "RD7" is a copy of the assignment document.

17. I understand that Maple Leaf Distillers, Inc. subsequently became insolvent. Annexed to this declaration and marked "RD8" is a copy of a news article referring to the bankruptcy of Maple Leaf Distillers, Inc. and the sales of its trade marks to Angostura Canada, Inc, as well the record of bankruptcy in respect of Maple Leaf Distillers, Inc.

18. I note that many United States Trade Mark Registrations in the name of Maple Leaf Distillers, Inc. were assigned to Angostura Canada, Inc. Annexed to this declaration and marked "RD9" are details of these assignments extracted from the United States Trade Marks Register online database, as well as a court order from the Canadian bankruptcy that was recorded in the United States Patent and Trademark Office in respect of the transfer of these registrations.

19. The WALLABY CREEK Registration is not among the properties assigned to Angostura Canada, Inc. It is my understanding that this was because on its bankruptcy, Maple Leaf Distillers, Inc.'s remaining 25% interest in the Registration vested in Fembrew in accordance with the agreement dated 4 May 2004, RD3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED ON _____ | OTH   MAY _____, 2011

REX D'AQUINO

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,                                    CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

---

THIS IS THE ANNEXURE marked **RD1** referred to in the

Declaration of **Rex D'Aquino**

DATED this      /0ᵗʰ    day of May 2011



# Highland Heritage Estate

1st April 2005.

## LETTER OF APPOINTMENT

To Whom It May Concern:

International Importers Inc. of 2019 SW 20th Street No. 109 Fort Lauderdale Florida 3315 have been appointed as the sole importer for the United States of America of our Australian Wine Brand called "Wallaby Creek".
The terms and conditions of this appointment are governed by the confidential "Supply Agreement"

Regards,
Rex DAquino

General Manager
Highland Heritage Estate Sales Pty Ltd

Mitchell Highway, Orange NSW 2800 ❖ Telephone: (063) 61 3612

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,

CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

_____

THIS IS THE ANNEXURE marked **RD2** referred to in the

Statutory Declaration of **Rex D'Aquino**

DATED this  *10 TH*  day of May 2011

Printed    05/MAY/11                          IP Australia

## Trade Mark : 891250

| | |
|---|---|
| Word: | WALLABY CREEK |
| Image: | WALLABY AS ABORIGINAL PAINTING; ABORIGINAL PAINTING IN DIVIDED RECT. |
| Lodgement Date: | 08/OCT/01 |
| Acceptance Advertised: | 26/SEP/02 |
| Registered From: | 08/OCT/01 |
| Registration Advertised: | 27/MAR/03 |
| Entered on Register: | 11/MAR/03 |
| Renewal Due: | 09/OCT/11 |
| Class/es: | 33 |
| Status: | Registered/Protected - Renewal Due |
| Kind: | n/a |
| Type of Mark: | Composite |
| Type: | Standard |
| Divisionals: | |
| Divisional Number: | |
| Divisionals: | |
| Partial Assignment: | |
| Partial assignment from: | |
| Partial Assignments: | |

| | |
|---|---|
| Owner: | Fernbrew Pty. Limited |
| | 129 Bathurst Road |
| | ORANGE NSW 2800 |
| | AUSTRALIA |
| Address for service: | Fernbrew Pty. Limited |
| | 129 Bathurst Road |
| | ORANGE NSW 2800 |
| | AUSTRALIA |

Goods & Services

Class:   33
   Wine blended from Shiraz and Cabernet Sauvignon

Endorsements

Claimed Interest Details:

IP Australia

` Trade Mark :  891250



Printed    05/MAY/11                            IP Australia

## Trade Mark :  891255

| | |
|---|---|
| Word: | WALLABY CREEK |
| Image: | WALLABY AS ABORIGINAL PAINTING; ABORIGINAL PAINTING IN DIVIDED RECT. |
| Lodgement Date: | 08/OCT/01 |
| Acceptance Advertised: | 26/SEP/02 |
| Registered From: | 08/OCT/01 |
| Registration Advertised: | 27/MAR/03 |
| Entered on Register: | 11/MAR/03 |
| Renewal Due: | 08/OCT/11 |
| Class/es: | 33 |
| Status: | Registered/Protected - Renewal Due |
| Kind: | n/a |
| Type of Mark: | Composite |
| Type: | Standard |
| Divisionals: | |
| Divisional Number: | |
| Divisionals: | |
| Partial Assignment: | |
| Partial assignment from: | |
| Partial Assignments: | |

| | |
|---|---|
| Owner: | Fernbrew Pty. Limited |
| | 129 Bathurst Road<br>ORANGE NSW 2800<br>AUSTRALIA |
| Address for service: | Fernbrew Pty. Limited<br>129 Bathurst Road<br>ORANGE NSW 2800<br>AUSTRALIA |

Goods & Services

Class:   33
   Wine made from Chardonnay grapes

Endorsements

Claimed Interest Details:

Printed   05/MAY/11                    IP Australia

Trade Mark :  891255



Printed   05/MAY/11                                IP Australia

## Trade Mark : 891258

| | |
|---|---|
| Word: | WALLABY CREEK |
| Image: | WALLABY AS ABORIGINAL PAINTING; ABORIGINAL PAINTING IN DIVIDED RECT. |
| Lodgement Date: | 08/OCT/01 |
| Acceptance Advertised: | 26/SEP/02 |
| Registered From: | 08/OCT/01 |
| Registration Advertised: | 27/MAR/03 |
| Entered on Register: | 11/MAR/03 |
| Renewal Due: | 08/OCT/11 |
| Class/es: | 33 |
| Status: | Registered/Protected - Renewal Due |
| Kind: | n/a |
| Type of Mark: | Composite |
| Type: | Standard |
| Divisionals: | |
| Divisional Number: | |
| Divisionals: | |
| Partial Assignment: | |
| Partial assignment from: | |
| Partial Assignments: | |

| | |
|---|---|
| Owner: | Fernbrew Pty. Limited |
| | 129 Bathurst Road<br>ORANGE NSW 2800<br>AUSTRALIA |
| Address for service: | Fernbrew Pty. Limited<br>129 Bathurst Road<br>ORANGE NSW 2800<br>AUSTRALIA |

Goods & Services

Class:   33
   Wine made from Shiraz grapes

Endorsements

Claimed Interest Details:

Printed    05/MAY/11                              IP Australia

Trade Mark :  891258



IP Australia

## Trade Mark :  891259

| | |
|---|---|
| Word: | WALLABY CREEK |
| Image: | WALLABY AS ABORIGINAL PAINTING; ABORIGINAL PAINTING IN DIVIDED RECT. |
| Lodgement Date: | 08/OCT/01 |
| Acceptance Advertised: | 26/SEP/02 |
| Registered From: | 08/OCT/01 |
| Registration Advertised: | 27/MAR/03 |
| Entered on Register: | 11/MAR/03 |
| Renewal Due: | 08/OCT/11 |
| Class/es: | 33 |
| Status: | Registered/Protected - Renewal Due |
| Kind: | n/a |
| Type of Mark: | Composite |
| Type: | Standard |
| Divisionals: | |
| Divisional Number: | |
| Divisionals: | |
| Partial Assignment: | |
| Partial assignment from: | |
| Partial Assignments: | |

| | |
|---|---|
| Owner: | Fernbrew Pty. Limited |
| | 129 Bathurst Road<br>ORANGE NSW 2800<br>AUSTRALIA |
| Address for service: | Fernbrew Pty. Limited<br>129 Bathurst Road<br>ORANGE NSW 2800<br>AUSTRALIA |

Goods & Services

Class:   33
   Wine blended from semillon and chardonnay grapes

Endorsements

Claimed Interest Details:

Printed   05/MAY/11                          IP Australia

## Trade Mark : 891259



Printed  05/MAY/11                          IP Australia

## Trade Mark : 931171

| | |
|---|---|
| Word: | WALLABY CREEK |
| Image: | WALLABY AS ABORIGINAL PAINTING; ABORIGINAL PAINTING IN DIVIDED RECTANGLE |
| Lodgement Date: | 18/OCT/02 |
| Acceptance Advertised: | 05/JUN/03 |
| Registered From: | 18/OCT/02 |
| Registration Advertised: | 02/OCT/03 |
| Entered on Register: | 18/SEP/03 |
| Renewal Due: | 18/OCT/12 |
| Class/es: | 33 |
| Status: | Registered/Protected |
| Kind: | n/a |
| Type of Mark: | Composite |
| Type: | Standard |
| Divisionals: | |
| Divisional Number: | |
| Divisionals: | |
| Partial Assignment: | |
| Partial assignment from: | |
| Partial Assignments: | |

| | |
|---|---|
| Owner: | Fernbrew Pty. Limited |
| | 129 Bathurst Road ORANGE NSW 2800 AUSTRALIA |
| Address for service: | Cheney & Wilson PO Box 318 ORANGE EAST NSW 2800 AUSTRALIA |

Goods & Services

Class:  33
  Wine

Endorsements

Claimed Interest Details:

Printed 05/MAY/11                    IP Australia

## Trade Mark : 931171



Intellectual Property Office of New Zealand - IP Database Extract          http://www.iponz.govt.nz/pls/web/DBSIPEXT.IP_Extract_Data?p_a...

## Trade Mark Details

**Trade Mark Number** (210) 790968          **Current Status**  Registered

**TM Search Text**          wallaby creek

**Trade Mark Type**          Trade Mark Non-Convention, DEVICE

**Trade Mark Nature**

**Use Statement**          The mark is being used or proposed to be used, by the
applicant or with his/her consent, in relation to the
goods/services

**Filed** (220)          11-JUN-2008

**Renewed Until**          11-JUN-2018

## Marks , Device and Device Descriptors (532)



3.5.15 3.5.17
3.5.24 26.4.2 26.4.15 26.4.18 27.5.3 27.5.24 29.1.1 29.1.2
29.1.6

**Classification System | Class** (511) **Specification of Goods and Services**

9|33          Australian wines of various varieties
including chardonnay, shiraz, merlot
and cabernet sauvignon and their
blends

## Documents

No documents on record or public access is restricted

**Proprietor:** (730)          Fernbrew Pty LTD . 129-133 Bathurst Rd, Orange, NSW
2800, Australia

**Contact :** (740)          Rex DAquino . 129-133 Bathurst Rd, Orange, NSW 2800,
Australia

**Service Address:**          Winchester Wine Services, 54/185 Victoria St, Wellington, New
Zealand

| Action | Completed | Due | | Journal | Published |
|---|---|---|---|---|---|
| Registered | 12-MAR-2009 | | 1567 | | 27-MAR-2009 |

| | | | |
|---|---|---|---|
| Published Date | 28-NOV-2008 | 28-NOV-2008  1553 | 28-NOV-2008 |
| Application Accepted | 20-OCT-2008 | 20-OCT-2008  1553 | 28-NOV-2008 |
| Filed | 11-JUN-2008 | 11-JUN-2008 | |

## Related Trade Marks

No Related Trade Marks found

## Objections / Hearings

There are no current objections or hearings present

## Last Renewed By

No renewal interest on record or public access is restricted

## Proprietor & Licensee History

No proprietors nor licensees on record or public access is restricted

---

### Your Selection Criteria

IPOL Database Search

| | |
|---|---|
| Collection: | Public |
| Mark: | ,wallaby creek |

The information contained in the databases accessible through this site has been taken from files held at the Intellectual Property Office of New Zealand. This site is not intended to be a comprehensive or complete source of intellectual property information. The Intellectual Property Office will not be liable for the provision of any incorrect or incomplete information. To obtain further assistance on the use of this Internet site please contact us

Delivered: 05th May 2011 14:24:44

OAMI-ONLINE – CTM-ONLINE - Detailed trade mark information          http://oami.europa.eu/CTMOnline/RequestManager/en_print_NoReg

**OHIM** | The Trade Marks and Designs Registration Office of the European Union

You are here: Home > Quality plus > Databases

CTM-ONLINE – Detailed trade mark information

| Trade mark name : | WALLABY CREEK |
|---|---|
| Trade mark No : | 004591145 |
| Trade mark basis: | CTM |
| Date of receipt : | 15/08/2005 |
| Number of results: | 1 of 1 |

Request an inspection

**Trade mark**

| | |
|---|---|
| Filing date: | 15/08/2005 |
| Date of registration: | 29/01/2007 |
| Expiry Date: | 15/08/2015 |
| Nice Classification: | 25, 32, 33 (⇨ Nice classification) |
| Trade mark: | Individual |
| Type of mark: | Word |
| Acquired distinctiveness: | No |
| Applicant's reference: | B465 |
| Status of trade mark: | Registered (⇨ Glossary) |

Publication of registration

(⇨ Publication B1 or Publication B2)
(⇨ History of statuses)

| Filing language: | English |
|---|---|
| Second language: | German |

**Graphic representation**

No entry for application number: 004591145.

⊠ **List of goods and services**

| Nice Classification: | 25 |
|---|---|
| List of goods and services | Articles of clothing, including waterproof and water-resistant clothing; footwear, headgear; men's wear, ladies' wear, unisex wear, rainwear, snow suits, wet suits, swimwear, wristbands, headbands, hoods, bathrobes, dressing gowns, bath sandals and slippers; shower and bathing caps; dancewear; beachwear; casual wear; underwear; nightwear; outerwear, including t-shirts; sportswear and clothes for performing sports, including clothing for gymnastics, fishing, football, skiing, motoring, water skiing, tennis and cycling; fashion-wear; clothing of leather and imitation leather; uniforms and liveries, smocks, overalls, aprons; fancy-dress; costumes, including masquerade costumes; sun visors; belts and money belts, braces, neckties, neckerchiefs, sashes, scarves, shawls, stoles, ear muffs, gloves, mittens, foot muffs; articles of industrial and work clothing and protective clothing, other than for protection against injury or accident, including protective and safety footwear, headgear and gloves; parts and fittings for all the aforesaid goods; none of the foregoing goods relating to the game of Rugby Union. |

| Nice Classification: | 32 |
|---|---|
| List of goods and services | Non-alcoholic beverages; carbonated beverages; soft drink colas; water, mineral water, aerated water, soda water, seltzer water; energy drinks, sport drinks, isotonic beverages; beers, ales, porter, lager, shandies; cider; beers for use as dieting or slimming aids; beers enriched with minerals; beers containing fruit and/or vegetable juices and/or milk; fruit and vegetable drinks and fruit and vegetable juices; beverages consisting principally of fruit or vegetable juices or nectar; syrups, essences, fruit extracts for making beverages; ginger beer and ginger ale; lemonades; malt beer; drinks flavoured with fruit or vegetable paste or herbs or spices; sherbets and sorbets; soft drinks; non-alcoholic aperitifs and cocktails; preparations for making any of the aforesaid goods. |

| Nice Classification: | 33 |
|---|---|
| List of goods and services | Alcoholic beverages; alcoholic essences; alcoholic extracts; liqueurs; wines; meads; perry; spirits; cocktails; aperitifs; fruit drinks containing alcohol; cider; bitters; distilled beverages; alcoholic fruit extracts; tea and coffee beverages containing alcohol. |

5/05/2011 12:47 PM

OAMI-ONLINE – CTM-ONLINE – Detailed trade mark information       http://oami.europa.eu/CTMOnline/RequestManager/en_print_NoReg

## Description

**Description of the mark:** -

## Owner

| | |
|---|---|
| Name: | Fernbrew Pty. Ltd. |
| ID No: | 167001 |
| Natural or legal person: | Legal entity |
| Address: | 129-133 Bathurst Road |
| Post code: | 2800 |
| Town: | Orange, |
| State: | New South Wales |
| Country: | AUSTRALIA |
| Correspondence address: | Fernbrew Pty. Ltd. 129-133 Bathurst Road Orange, New South Wales 2800 AUSTRALIA |

## Representative

| | |
|---|---|
| Name: | TRADE MARK CONSULTANTS CO. |
| ID No: | 12123 |
| Type: | 4 - Association |
| Address: | 54 Hilbury Avenue |
| Post code: | HA3 8EW |
| Town: | Harrow, |
| County: | Middlesex |
| Country: | UNITED KINGDOM |
| Correspondence address: | TRADE MARK CONSULTANTS CO. 54 Hilbury Avenue Harrow, Middlesex HA3 8EW REINO UNIDO |
| Telephone: | 00 44-2089076066 |
| Fax: | 00 44-2089070743 |
| E-mail: | ✉ trademarks@trademarkco.co.uk |

## Seniority

No entry for application number: 004591145.

## Exhibition priority

No entry for application number: 004591145

## Priority

No entry for application number: 004591145.

## International Registration Transformation

No entry for application number: 004591145.

## Publication

| | |
|---|---|
| Bulletin no.: | 🗎 2006/007 |
| Date of publication: | 13/02/2006 |
| Part: | A.1 |
| | |
| Bulletin no.: | 🗎 2007/005 |
| Date of publication: | 05/02/2007 |
| Part: | B.2 |

## 🗎 Opposition

| | |
|---|---|
| Opposition No: | 001008814 |
| Reception date: | 09/05/2006 |
| Opponent name: | AUSTRALIAN RUGBY UNION LIMITED |
| Opponent ID No: | 256681 |

## Cancellation

No entry for application number: 004591145

## Appeals

No entry for application number: 004591145.

## Recordals

No entry for application number: 004591145.

## Renewals

No entry for application number: 004591145.

⊲ | ⊲ | ⇦ | ⇨ | ☗

**Version: 9.4.3**

© 1995-2010

Office for Harmonization in the Internal Market (Trade Marks and Designs)
Avenida de Europa 4, E-03008 Alicante, Spain – Tel: +34 96 513 9400 - e-mail:

5/03/2011 12:47 PM

CIPO — Canadian Trade-marks Database                    http://www.ic.gc.ca/app/opic-cipo/trdmrks/srch/vwTrdmrk.do;jsessi...

**Canadian Intellectual Property Office**
An Agency of Industry Canada

**Office de la propriété intellectuelle du Canada**
Un organisme d'Industrie Canada

Canadä

Home > Canadian Trade-marks Database> Basic Search

⇨ Search Page

## CANADIAN TRADE-MARK DATA

\*\*\* Note Data on trade-marks is shown in the official language in which it was submitted.

The database was last updated on: 2011-05-03

| APPLICATION NUMBER: | REGISTRATION NUMBER: |
|---|---|
| 1214904 | TMA652693 |
| **STATUS:** | REGISTERED |
| **FILED:** | 2004-04-28 |
| **FORMALIZED:** | 2004-04-28 |
| **ADVERTISED:** | 2005-03-30 |
| **REGISTERED:** | 2005-11-15 |

**REGISTRANT:**
Fernbrew Pty Ltd.
129 Bathurst Road
Orange 2800
New South Wales
AUSTRALIA

REPRESENTATIVE FOR SERVICE:
KIRBY EADES GALE BAKER
CONSTITUTION SQUARE
340 ALBERT STREET
SUITE 1210
BOX 3432, STATION D
OTTAWA
ONTARIO K1P 6N9

**TRADE-MARK:**
# Wallaby Creek

**INDEX HEADINGS:**
WALLABY CREEK

**WARES:**
(1) Australian wine of various varieties including Chardonnay, Shiraz, Cabernet Sauvignon, Merlot.

**CLAIMS:**
Declaration of Use filed October 18, 2005.

| ACTION | DATE | BF | COMMENTS |
|---|---|---|---|
| Filed | 28 April 2004 | | |
| Created | 28 April 2004 | | |
| Formalized | 28 April 2004 | | |
| Correspondence Created | 28 April 2004 | | Missing an address in Canada 30G |

| | | | |
|---|---|---|---|
| Search Recorded | 14 September 2004 | | |
| Examiner's First Report | 30 September 2004 | 30 January 2005 | |
| Correspondence Created | 07 December 2004 | 07 February 2005 | |
| Approved | 23 February 2005 | | |
| Translation Requested | 01 March 2005 | 23 March 2005 | 20050316090633 |
| Translation Received | 16 March 2005 | | |
| Extracted for Advertisement | 16 March 2005 | | Vol.52 Issue 2631 2005/03/30 |
| Advertised | 30 March 2005 | | Vol.52 Issue 2631 |
| Allowed | 17 June 2005 | | |
| Allowance Notice Sent | 17 June 2005 | 28 April 2007 | |
| Rep for Service Changed | 06 September 2005 | | From: 13932 To: 8167 / Voir Preuve au dossier/See evidence on File No. 1214904 |
| Agent Changed | 06 September 2005 | | From: To: 8167 / Voir Preuve au dossier/See evidence on File No. 1214904 |
| Registered | 15 November 2005 | | |

Back to search | Back

Last updated 2011-05-03

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,                                          CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

_____

THIS IS THE ANNEXURE marked **RD3** referred to in the

Statutory Declaration of **Rex D'Aquino**

DATED this *10 TH* day of May 2011



May 4th, 2004

Mr. Rex D'Aquino
General Manager
D'Aquino Group of Companies
129 Bathurst Road
Orange NWS
Australia

Dear Mr. D'Aquino:

Further to our discussions, Maple Leaf Distillers Inc. hereby confirm that we understand the Wallaby Creek trademark is a fully approved and registered mark in the United States, owned by Fernbrew Pty. Limited Corporation of Australia (50%) and A.V. Imports Inc. of the United States (50%).

Following the agreement with New World Brands Inc. to distribute the product in the United States and our discussed agreement is in place, it is understood and agreed that the trademark will be shared in the United States as follows:

| | |
|---|---|
| Fernbrew Pty. Limited Corporation | 25% |
| Maple Leaf Distillers Inc. | 25% |
| New World Brands Inc. | 50% |

This letter serves as a full commitment by ourselves with your acceptance and should be held until a duly signed agreement is in place.

In the event that any one of the companies mentioned above become insolvent or unable to fulfill our agreement (ie. sales and marketing of the products), the trademark will revert to Fernbrew Pty Limited Corporation ownership.

Yours very truly,                                          Accepted by:
MAPLE LEAF DISTILLERS INC.


Céstas P. Ataliotis                                        Rex   D'Aquino
President & C.E.O.

CPA/mm

*251 Saulteaux Crescent*
*Winnipeg, Manitoba, Canada  R3J 3C7*
Phone: *(204) 940-7000*  Fax: *(204) 772-5900*
Website: *www.mapleleafdistillers.com*

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,

CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

_____

THIS IS THE ANNEXURE marked **RD4** referred to in the

Statutory Declaration of **Rex D'Aquino**

DATED this _/ð 7H_ day of May 2011

## AGREEMENT

This Agreement made as of the 4th day of May, 2004.

AMONG:

### MAPLE LEAF DISTILLERS INC.
("MLD")

OF THE FIRST PART

### NEW WORLD BRANDS, INC.
("NWB")

OF THE SECOND PART

## <u>RECITALS</u>:

A.     In order to create additional markets and greater brand recognition for the Brand set out as Schedule "A" hereto, MLD desires to appoint NWB, through it's subsidiary International Importers Inc. and which for purposes of this agreement shall be deemed to included International Importers, as the sole and exclusive importer and marketer of the Brand in the United States, subject to the terms and conditions of this Agreement.

B.     MLD also desires to transfer to NWB 50% of its rights to the Brand in the United States for purposes of such importation agreement.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. MLD represents and warrants that is the 100% owner of the Brand in North America. MLD has good and valid title to the Brands, including but not limited to, marketing and promotional concepts and materials, trademarks, trade names and intellectual property related to the Brands (the "Property"), free and clear of any encumbrances. MLD has perfected its property rights in the Property through appropriate filings with the appropriate regulatory agencies.

2. MLD transfers and assigns to NWB 50% of all of its rights, title and interest to the Property in the United States. Simultaneously with the execution of this Agreement, MLD will make arrangements to have the

appropriate documents prepared and filed to perfect NWB's security interest in the Property in the United States.

3. MLD and NWB agree that NWB shall have exclusive rights to market and sell wine products based on the Property. NWB shall be entitled to 100% of any and all revenues derived from such marketing efforts in the United States and MLD shall not be entitled to any portion thereof. In addition, NWB shall be responsible for any and all costs and expenses associated with such marketing in the United States and shall not seek contribution in any form from MLD.

4. The rights granted in the Agreement shall be exclusive and shall be granted in perpetuity, without any right by MLD to terminate this Agreement. Notwithstanding the foregoing, MLD shall have the right to terminate this Agreement if (i) NWB does not achieve annual sales of 40,000 cases per annum by the first anniversary of this Agreement and thereafter; or (ii) NWB files for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code, or (iii) NWB is declared financially insolvent by a court of competent jurisdiction

5. The terms, provisions and conditions of this Agreement may not be changed, amended or modified in any manner except by an instrument in writing duly executed by each of the parties hereto.

6. This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes and is in full substitution for any and all prior agreements and understandings between them relating to such subject matter.

7. This Agreement shall be construed, performed and enforced in accordance with and governed by the laws of the Province of Manitoba, without giving effect to the principles of conflicts of laws thereof. The parties hereto irrevocably elect as the sole judicial forum for the adjudication of any matters arising under or in connection with this Agreement and consent to the jurisdiction of the Province of Manitoba.

8. In the event that any one or more of the provisions contained in this Agreement or in any other instrument referred to herein shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, and to the maximum extent permitted by law, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement or any other instrument. Furthermore, in lieu of any such invalid or unenforceable term or provision, the parties hereto intent that there shall be added as a part of this Agreement a provision as similar in terms to

such invalid or unenforceable provision as may be possible and be valid and enforceable.

9. The parties hereto agree to furnish or cause to be furnished to each other, as promptly as practicable, such information and assistance relating to the Property and the Brands as is reasonably necessary for the transfer of the Property to NWB. Moreover, the parties agree to execute any and all further documents as is necessary to effectuate the intents and purposes of this Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date first above written.

MAPLE LEAF DISTILLERS INC.

By: _____

Name: D. WOLINSKY

Title: CHAIRMAN.

NEW WORLD BRANDS INC.

By: C. PANUOTIS

Name: _____

Title: PRESIDENT

SCHEDULE "A"

Wallaby Creek

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,                                             CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

_____

THIS IS THE ANNEXURE marked **RD5** referred to in the

Statutory Declaration of **Rex D'Aquino**

DATED this *10 TH* day of May 2011



FROM-MAPLE LEAF DISTILLERS INC                    12047729100         T-721  P.07/03  F-099

### Assignment of Trademarks

A.V. Imports, Inc., whose principal place of business is 6450 Dobbins Road, Suite G, Columbia Maryland 20145, hold title to the trademark

United States trademark WALLABY CREEK Serial No.: 76/434039

Maple Leaf Distillers, Inc., whose principal place of business is 258 Saskatoon Crescent, Winnipeg, Manitoba Canada R3J 3C7 desires to obtain the said and any and all interest A.V. Imports, Inc. has to said trademark including the portion of the business associated with the mark.

Therefore, for the sum of $1.00 plus other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged,

A.V. Imports, Inc. hereby assigns to Maple Leaf Distillers, Inc., its legal representatives, successors and assignees, its entire right, title and interest in said trademark, properties and the goodwill and business represented thereby, including the right to claim priority, as fully and completely as the same would have been held by A.V. Imports, Inc. had this Assignment now been made.

AND for the same consideration, Assignor hereby covenants and agrees to and with the Assignee, its successors, legal representatives and assigns, that the Assignor will sign all papers and documents, take all lawful oaths, and do all acts necessary or required to be done for the procurement, maintenance, enforcement and defense of said mark and said application without charge to Assignor but at the cost and expense of Assignee.

A.V. Imports, Inc.                                Maple Leaf Distillers, Inc.

BY _____                      BY _____

Name: F. RON WOLLMAN                              Name: DAVID WOLINSKY

Title: CEO/CHAIRMAN                               Title: CHAIRMAN

Date: FEB 8, 2005                                 Date: FEB 8, 2005

RECORDED: 02/11/2005                              TRADEMARK
                                                  REEL: 003027 FRAME: 0798

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,

CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

THIS IS THE ANNEXURE marked **RD6** referred to in the

Statutory Declaration of **Rex D'Aquino**

DATED this _/D 7U_ day of May 2011



:0-06 02:44px   From-MAPLE LEAF DISTILLERS INC        12047727103        T-643  P.02/02  F-446

## Assignment of 50% of Trademark

Maple-Leaf Distilers, Inc., whose principal place of business is 251 Sauteaux Crescent, Winnipeg, Manitoba, Canada R3J 3C7, holds title to the Trademark

United States Trademark WALLABY CREEK Serial No.: 76/449040

New World Brands Inc., whose principal place of business is 2019 SW 20th Street, Suite 200, Fort Lauderdale Florida 33315 desires to obtain title and any and all interest A.V. Imports, Inc. has to said trademark including the portion of the business associated with the mark.

Therefore, for the sum of $1.00 plus other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged,

Maple Leaf Distilers, Inc. hereby assigns to New World Brands Inc., its legal representatives, successors and assignees, 50% of Maple Leaf Distillers' right, title and interest in said trademark property and the goodwill and business represented thereby, including 50% ownership of all packaging and label designs, and the right to sell this product in the United States including the right to claim priority, as fully and completely as the same would have been held by Maple Leaf Distilers, Inc. had this Assignment not been made.

AND for the same consideration, Assignor hereby covenants and agrees to and with the Assignee, its successors, legal representatives and assigns, that the Assignor will sign all papers and documents, take all lawful oaths, and do all acts necessary or required to be done for the procurement, maintenance, enforcement and defense of said mark and said application without charge to Assignor but at the cost and expense of Assignee.

Maple Leaf Distillers, Inc.

BY

Name: DAVID WOLINSKY

Title: CHAIRMAN

Date: MARCH 9, 2005

New World Brands Inc.

BY

Name: COSTAS P. ATALIOTIS

Title: PRESIDENT & CEO

Date: MARCH 9, 2005

RECORDED: 03/22/2005

TRADEMARK
REEL: 003050 FRAME: 0333

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,

CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

_____

THIS IS THE ANNEXURE marked RD7 referred to in the

Statutory Declaration of Rex D'Aquino

DATED this  /0 7ᵗʰ  day of May 2011

## TRADEMARK ASSIGNMENT

THIS TRADEMARK ASSIGNMENT is made as of the 31st day of Oct, 2008, by and between New World Brands, Inc., a Delaware corporation ("Assignor"), and International Importers, Inc., a Florida corporation ("Assignee").

WHEREAS, Assignor is the owner of 50% of the right, title and interest in the trademark "Wallaby Creek," Serial No. 76/419049, Registration Number 3064051, pursuant to the Assignment of Trademarks recorded at Reel 3050, Frame 0331 in the United States Patent & Trademark Office on March 22, 2005 (the "Trademark");

WHEREAS, pursuant to an Asset Purchase Agreement dated June 22, 2006, by and among International Spirits, LLC; Assignor and International Importers, Inc. (the "Purchase Agreement"), Assignor sold all of its rights, title and interest in the Trademark to Assignee;

WHEREAS, pursuant to Section 7.2 of the Purchase Agreement, Assignor agreed that to the extent there were any intellectual property assets of Assignee registered in the name of Assignor, Assignor would make arrangements to have them transferred to the name of Assignee;

WHEREAS, Assignor is willing to assign to Assignee all rights, title and interest as Assignor may possess in and to the Trademark throughout the world.

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor makes the following assignment and agrees as follows:

1. Assignment.

a. Assignor hereby assigns and sells to Assignee all of Assignor's rights, title and interest in and to the Trademark throughout the world, for all of the goods and or services included in the relevant registrations or applications or in connection with which the trademarks are used, together with the goodwill of the business symbolized by the Trademark; said rights, title and interest include, without limitation, any and all causes of action heretofore accrued in Assignor's favor for infringement or other violation of the aforesaid rights, to have and to hold the same unto Assignee absolutely.

b. At any time, and from time to time hereafter, Assignor shall forthwith, upon Assignee's written request and sole expense, take any and all reasonably necessary steps to execute, acknowledge and deliver to Assignee any and all further instruments and assurances necessary or expedient in order to vest the aforesaid rights in Assignee or to record this assignment, and to facilitate Assignee's enjoyment and enforcement of said rights and causes of action.

2. Miscellaneous. If any provision of this Assignment shall be adjudged by any court of competent jurisdiction to be unenforceable or invalid, that provision shall be limited or eliminated to the minimum extent necessary so that this Assignment shall otherwise remain in full force and effect and enforceable. This Assignment shall be deemed to have been made in, and shall be construed pursuant to the laws of the State of Florida and the United States America without regard to conflicts of laws provisions thereof.

1334026 1

IN WITNESS WHEREOF, Assignor has executed and Assignee has acknowledged this Assignment as of the date first set forth above.

NEW WORLD BRANDS, INC.

By: _____

Name: _Shehryar Wahid_____

Title: _CFO_____

State of _OR____ )
                 ) SS:
County of _Lane_ )

The foregoing instrument was acknowledged before me this 31st day of October 2008, by _Shehryar Wahid___ - as _CFO___ on behalf New World Brands Inc., a Delaware corporation.  He is personally known to me or who has produced __FLDL_____ as identification.

_Leana Zdisheva_____

Notary Public

Name: _Leana Zdisheva_____

Commission Number: _No 405925_

My Commission Expires: _Aug 7, 2010_

INTERNATIONAL IMPORTERS, INC.

By: _____

Name: _Mark A Weber_____

Title: _CFO_____

State of _Florida___ )
                      ) SS:
County of _Broward_  )

The foregoing instrument was acknowledged before me this _3_ day of _November_ 2008, by _Mark Weber_____ .. as _CFO___ on behalf International Importers, Inc., a Florida corporation.  He is personally known to me or who has produced _____ as identification.

_Wendi D Ellis_____

Notary Public

Name: _Wendi D. Ellis_____

Commission Number: _DD 0643579_

My Commission Expires: _3/30/2011__

1334(8)(1)                                    2

WENDI D. ELLIS
Commission DD0643575
Expires 3/30/2011
Florida Notary Assn., Inc

**TRADEMARK**
REEL: 003881 FRAME: 0435

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,                                          CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

_____

THIS IS THE ANNEXURE marked **RD8** referred to in the

Statutory Declaration of **Rex D'Aquino**

DATED this *10 TH* day of May 2011



Advertisement

## Angostura opens new liquor plant in Canada

Geoff Kirbyeon Thursday, December 7 2006

WINNIPEG, CANADA: This is not Protos International's liquor plant. Angostura Canada Inc had the grand opening of its west-end blending, bottling and manufacturing facility on Tuesday afternoon and, except for a few brands on hand that were purchased from Maple Leaf Distillers, there wasn't a reminder of the failed company or its parent, Protos.

Some 600 people, including dignitaries, suppliers and industry people, were expected to attend the event, which Horace Bhopalsingh said was designed to showcase the company and its brands to the community. The president of Angostura Canada said the company has spent $500,000 on renovations to the two-storey, 55,000-square-foot plant on Saulteaux Crescent in Murray Industrial Park since it moved in last August.

"We want people to know we're a new company with a whole new outlook on the Canadian market. Our mission is to take the Angostura name to among the top brands in Canada. We want to infuse passion into our brand," he said in an interview. Bhopalsingh said Angostura, the largest distiller in the Caribbean, was looking to get a beachhead in North America and the former Maple Leaf plant came up "at the right time." It also has sister companies — a whisky distiller in Scotland, called Burn Stewart Distillers, and Hine Cognac, a premier cognac producer in France. Angostura products are marketed in more than 120 countries.

The Winnipeg plant became available after Maple Leaf, once touted as one of the fastest-growing companies in the province, was placed into bankruptcy earlier this year. Along with Protos and its two principal directors, Costas Ataliotis and David Wolinsky, it is the subject of numerous lawsuits.

Bhopalsingh, who was born in Trinidad and has more than two decades of experience in the liquor industry, said he hopes by focusing on the future that people will soon forget the past of the company whose former assets he now oversees.

"We have no relationship with (Maple Leaf or Protos), I haven't met (Ataliotis and Wolinsky) and I don't know them. My focus in on Angostura's business," he said.

Trinidad-based Angostura Ltd., a 180-year-old producer of rum and bitters, purchased Maple Leaf's production equipment, real estate, and trademarks a year ago. Its Canadian portfolio includes 11 brands, including five that were bought from Maple Leaf, but Bhopalsingh said he hopes to expand to 18 in the near future. The former Maple Leaf brands, including Margarita Ice, Platinum Vodka, Norm's Sour Power and Hoja Vieja tequila, have been "re-engineered," he said.

"We bought some assets, we think they're good assets, but we believe we had to upgrade them," Bhopalsingh said.

When the Free Press first reported in the fall of 2005 that Angostura was in discussions to buy Maple Leaf, the purchase price was expected to be in the neighbourhood of $15 million. However, only the assets of the failed distillery were acquired, not the liabilities, and no purchase price was disclosed.

Bhopalsingh said he has been making the rounds with liquor commissions around the country and has Angostura products for sale in Manitoba, Alberta, Ontario, Quebec, New Brunswick and Nova Scotia.

Bhopalsingh said its capacity is more than eight million litres annually. It has 25 employees, but that is expected to increase to 60 by the end of 2008, he said.

© newsday.co.tt – www.newsday.co.tt

Office of the Superintendent of Bankruptcy Canada - Insolvency Name Search          Page 1 of 1

 Office of the Superintendent       Bureau du surintendant       **Canadä**
of Bankruptcy Canada            des faillites Canada
An Agency of                    Un organisme
Industry Canada                 d'Industrie Canada

## Bankruptcy and Insolvency Records Search Results | Résultats de recherche dans le registre des dossiers de faillite et d'insolvabilité

2011/05/02

Search Criteria | Critères de
recherche :                    Name = 'maple leaf distillers', Name Type = 'Business'

Reference | Référence :

A search of the Office of the Superintendent of Bankruptcy records has revealed the following
information, for the period 1978 to 2011/04/27, based on the search criteria above-mentioned.

Une recherche dans le registre du Bureau du surintendant des faillites a révélé l'information
suivante, pour la période allant de 1978 au 2011/04/27, selon les critères de recherche
susmentionnés.

| | |
|---|---|
| Estate Number | Numéro du dossier : | 21-080233 |
| Estate Name | Nom du dossier : | MAPLE LEAF DISTILLERS INC. |
| Alias: | MAPLE LEAF DISTILLERS INC |
| Birth Date | Date de naissance : | |
| Province : | Manitoba | Manitoba |
| Address | Adresse : | 251 SAULTEAUX CRESCENT WINNIPEG Manitoba R3J3C7 |
| Estate Type | Type de dossier : | BANKRUPTCY | FAILLITE |
| Date of Proceeding | Date de la procédure : | 2006/04/05 |
| Total Liabilities* | Total du passif* : | $20,946,352 |
| Total Assets* | Total de l'actif* : | $5,539,052 |
| First Meeting of Creditors | Première assemblée des créanciers : | 2006/04/26 10:00:00 |
| Discharge Status | Statut de la libération : | |
| Effective Date | Date d'entrée en vigueur : | |
| Court Number | Numéro de cour : | 21-080233 |
| * As declared by debtor | Tel que déclaré par le débiteur | |

| | |
|---|---|
| Appointed Trustee or Administrator | Syndic ou administrateur nommé : | BDO CANADA LIMITED / BDO CANADA LIMITÉE |
| Responsible Person | Personne responsable : | CAPLAN, BRUCE N. |
| Address | Adresse : | 8TH FLOOR - 200 GRAHAM AVENUE, WINNIPEG, Manitoba R3C4L5 |
| Telephone | Téléphone : | 204-956-7200 |
| Fax | Télécopieur : | 204-926-7227 |
| Trustee or Administrator's Discharge Date | Date de la libération du syndic ou de l'administrateur : | 2007/05/08 |

https://strategis.ic.gc.ca/secure/cgi-bin/sc_mrksv/bnkrptcy/bankruptcySearch/detail.cgi?BRChoice=...  5/2/2011

INTERNATIONAL IMPORTERS, INC.,
a Florida Corporation,

Plaintiff,

CASE NO.: 10-61856-CV-AJ

vs.

INTERNATIONAL SPIRITS & WINES, LLC
a New York limited liability company,

and

D'AQUINO GROUP OF COMPANIES,
a business organized under the laws of Australia,

Defendants.

---

THIS IS THE ANNEXURE marked RD9 referred to in the

Statutory Declaration of Rex D'Aquino

DATED this /O 7H day of May 2011

USPTO Assignments on the Web

Page 1 of 2

 **United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Details

Reel/Frame: 3530/0621
Received: 04/27/2007        Recorded: 04/27/2007
Attorney Dkt #: 0006200.0001
Conveyance: ASSIGNS THE ENTIRE INTEREST

Pages: 8

**Total properties: 17**

| # | Serial / Mark | Filing Dt | Reg # | Reg. Dt |
|---|---|---|---|---|
| 1 | Serial #: 75333904 Mark: CREME DE LA CREME | Filing Dt: 07/31/1997 | Reg #: 2602744 | Reg. Dt: 08/13/2002 |
| 2 | Serial #: 75814507 Mark: NORM'S | Filing Dt: 10/04/1999 | Reg #: 2596640 | Reg. Dt: 07/23/2002 |
| 3 | Serial #: 75857529 Mark: THE ORIGINAL CANADIAN MAPLE CREAM LIQUEU | Filing Dt: 11/26/1999 | Reg #: 2673341 | Reg. Dt: 01/07/2003 |
| 4 | Serial #: 76080359 Mark: TIGER ENERGY DRINK | Filing Dt: 06/29/2000 | Reg #: 2927101 | Reg. Dt: 02/22/2005 |
| 5 | Serial #: 76086085 Mark: BUZ | Filing Dt: 07/10/2000 | Reg #: 2863945 | Reg. Dt: 07/20/2004 |
| 6 | Serial #: 76090211 Mark: VODKA VLASTOFF | Filing Dt: 07/17/2000 | Reg #: 2708361 | Reg. Dt: 04/22/2003 |
| 7 | Serial #: 76099362 Mark: REVITALIZER | Filing Dt: 07/28/2000 | Reg #: 3009852 | Reg. Dt: 11/01/2005 |
| 8 | Serial #: 76312620 Mark: BUZ | Filing Dt: 09/14/2001 | Reg #: 2865947 | Reg. Dt: 07/27/2004 |
| 9 | Serial #: 76413312 Mark: HOJA VIEJA | Filing Dt: 05/29/2002 | Reg #: 2988463 | Reg. Dt: 08/30/2005 |
| 10 | Serial #: 76460271 Mark: MAPLE LEAF PLATINUM | Filing Dt: 10/16/2002 | Reg #: 2977089 | Reg. Dt: 07/26/2005 |
| 11 | Serial #: 76460611 Mark: LAS SIETE MARCAS | Filing Dt: 11/12/2002 | Reg #: 2945503 | Reg. Dt: 05/03/2005 |
| 12 | Serial #: 76534327 Mark: MARGARITA ICE BLUE AGAVE TEQUILA TEQUILA | Filing Dt: 08/01/2003 | Reg #: NONE | Reg. Dt: |
| 13 | Serial #: 78173362 Mark: TEQREMA | Filing Dt: 10/11/2002 | Reg #: 2893877 | Reg. Dt: 10/12/2004 |
| 14 | Serial #: 78305423 Mark: | Filing Dt: 09/25/2003 | Reg #: 2953637 | Reg. Dt: 05/17/2005 |
| 15 | Serial #: 78309576 Mark: MAPLE LEAF DISTILLERS INC. | Filing Dt: 10/06/2003 | Reg #: 2893495 | Reg. Dt: 10/12/2004 |
| 16 | Serial #: 78405947 Mark: CANADIAN CELLARS | Filing Dt: 04/23/2004 | Reg #: 2981042 | Reg. Dt: 08/02/2005 |
| 17 | Serial #: 78492887 Mark: DON ALEJANDRO | Filing Dt: 10/01/2004 | Reg #: 3040793 | Reg. Dt: 01/10/2006 |

**Assignor**

1   MAPLE LEAF DISTILLERS INC.

Exec Dt: 05/03/2006
Entity Type: CORPORATION

USPTO Assignments on the Web

Citizenship: CANADA

**Assignee**
1  ANGOSTURA CANADA INC.
   251 SAULTEAUX CRES.
   WINNIPEG, CANADA R3J 3C7

Entity Type: CORPORATION
Citizenship: CANADA

**Correspondence name and address**
   MUCH SHELIST
   191 N WACKER DRIVE, SUITE 1800
   ADAM K SACHAROFF
   CHICAGO, IL 60606

**Domestic representative**
   MUCH SHELIST
   191 N WACKER DRIVE, SUITE 1800
   ADAM K SACHAROFF
   CHICAGO, IL 60606

Search Results as of: 05/02/2011 02:08 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

## TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| MAPLE LEAF DISTILLERS INC. | | 05/03/2008 | CORPORATION: CANADA |

RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Angostura Canada Inc. |
| Street Address: | 251 Saulteaux Cres. |
| City: | Winnipeg |
| State/Country: | CANADA |
| Postal Code: | R3J 3C7 |
| Entity Type: | CORPORATION: CANADA |

PROPERTY NUMBERS Total: 17

| Property Type | Number | Word Mark |
|---|---|---|
| Serial Number: | 76534377 | MARGARITA ICE BLUE AGAVE TEQUILA TEQUILA BEVERAGE BREUVAGE AU TEQUILA 333 ML 7% ALC./VOL. |
| Registration Number: | 2596640 | NORM'S |
| Registration Number: | 2607744 | CREME DE LA CREME |
| Registration Number: | 2673341 | THE ORIGINAL CANADIAN MAPLE CREAM LIQUEUR |
| Registration Number: | 2708361 | VODKA VLASTOFF |
| Registration Number: | 2863945 | BUZ |
| Registration Number: | 2865947 | BUZ |
| Registration Number: | 2893496 | MAPLE LEAF DISTILLERS INC. |
| Registration Number: | 2893877 | TEQREMA |
| Registration Number: | 2927101 | TIGER ENERGY DRINK |
| Registration Number: | 2945503 | LAS SIETE MARCAS |
| Registration Number: | 2953637 | |
| Registration Number: | 2977089 | MAPLE LEAF PLATINUM |

900075496

**TRADEMARK**
**REEL: 003530 FRAME: 0621**

| Registration Number: | 2981042 | CANADIAN CELLARS |
|---|---|---|
| Registration Number: | 2988463 | HOJA VIEJA |
| Registration Number: | 3009852 | REVITALIZER |
| Registration Number: | 3040793 | DON ALEJANDRO |

CORRESPONDENCE DATA

Fax Number:             (312)521-2875
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:                    312-521-2775
Email:                     asacharoff@muchshelist.com
Correspondent Name:   MUCH SHELIST
Address Line 1:        191 N Wacker Drive, Suite 1800
Address Line 2:        Adam K Sacharoff
Address Line 4:        Chicago, ILLINOIS   60606

| ATTORNEY DOCKET NUMBER: | 0006200.0001 |
|---|---|

DOMESTIC REPRESENTATIVE

Name:             Much Shelist
Address Line 1:        191 N Wacker Drive, Suite 1800
Address Line 2:        Adam K Sacharoff
Address Line 4:        Chicago, ILLINOIS   60606

| NAME OF SUBMITTER: | Adam K Sacharoff |
|---|---|
| Signature: | /aks/ |
| Date: | 04/27/2007 |

Total Attachments: 6
source=CourtOrderAssignment#page1.tif
source=CourtOrderAssignment#page2.tif
source=CourtOrderAssignment#page3.tif
source=CourtOrderAssignment#page4.tif
source=CourtOrderAssignment#page5.tif
source=CourtOrderAssignment#page6.tif

(46)

Action No. CI 06-01-45690

THE QUEEN'S BENCH
WINNIPEG CENTRE

IN THE MATTER OF:    THE APPOINTMENT OF AN INTERIM RECEIVER
PURSUANT TO SECTION 47(1) OF THE *BANKRUPTCY
AND INSOLVENCY ACT* R.S.C. 1985 c.B-3 AND THE
APPOINTMENT OF A RECEIVER AND MANAGER
PURSUANT TO SECTION 55(1) OF THE *COURT OF
QUEEN'S BENCH ACT* C.C.S.M. c.280, SECTION 95 OF
THE *CORPORATIONS ACT*, C.C.S.M. c.C225 AND
SECTION 64(7) OF THE *PERSONAL PROPERTY
SECURITY ACT* S.M. 1993 c. 14

BETWEEN:

ASTRA CREDIT UNION LTD.,

plaintiff
(applicant)

– and –

MAPLE LEAF DISTILLERS INC.,

defendant
(respondent)

CERTIFIED A TRUE COPY

**ORDER**                                          MAY 1 7 2006

WINNIPEG

FASKEN MARTINEAU DuMOULIN LLP         DUBOFF EDWARDS HAIGHT & SCHACHTER LLP
Barristers and Solicitors                             Barristers and Solicitors
2100 - 1075 West Georgia Street                  1900 - 155 Carlton Street
Vancouver, B.C. V6E 3G2                           Winnipeg, MB  R3C 3H8

MARCEL J. PEERSON                              WILLIAM G. HAIGHT
Telephone: (604) 631-4771                        Telephone: (204) 942-3361
Solicitors for Ernst & Young Inc.                 Agents for Fasken Martineau DuMoulin LLP

71

TRADEMARK
REEL: 003530 FRAME: 0623

THE QUEEN'S BENCH
WINNIPEG CENTRE

THE HONOURABLE )
CHIEF JUSTICE ) Wednesday, May 3, 2006.
MONNIN )

IN THE MATTER OF: THE APPOINTMENT OF AN INTERIM RECEIVER
PURSUANT TO SECTION 47(1) OF THE *BANKRUPTCY
AND INSOLVENCY ACT* R.S.C. 1985 c.B-3 AND THE
APPOINTMENT OF A RECEIVER AND MANAGER
PURSUANT TO SECTION 55(1) OF THE *COURT OF
QUEEN'S BENCH ACT* C.C.SM. c.280, SECTION 95 OF
THE *CORPORATIONS ACT*, C.C.S.M. c.C225 AND
SECTION 64(7) OF THE *PERSONAL PROPERTY
SECURITY ACT* S.M. 1993 c. 14

BETWEEN:

ASTRA CREDIT UNION LTD.,

plaintiff
(applicant)

- and -

MAPLE LEAF DISTILLERS INC.,

defendant
(respondent)

### ORDER

THIS MOTION made by Ernst & Young Inc. the interim receiver and receiver and
manager (the "Receiver") of Maple Leaf Distillers Inc. ("Maple Leaf") was heard this
day at the Law Courts Building, 408 York Avenue, Winnipeg, Manitoba.

On reading the Order issued in this proceeding on January 13, 2006, (the
"Order") the Affidavit of Rob McMahon sworn April 25, 2006 ("Affidavit"), the Affidavit
of Marcel J. Pearson, sworn February 16, 2006, and the Affidavits of Service indicating
that all of the secured creditors received notice of this motion:

TRADEMARK
REEL: 003530 FRAME: 0624

2

**THIS COURT ORDERS THAT:**

1.  The time prescribed for the service of the Notice of Motion dated April 26, 2006, and the Affidavit of Rob McMahon sworn April 25, 2006, is hereby abridged and the Receiver be and is hereby granted short leave for the hearing of this Motion.

2.  The sale of the assets of Maple Leaf Distillers Inc. ("Maple Leaf") which are the subject of an agreement of purchase and sale (the " Purchase Agreement") between the Receiver and Angostura Canada Inc. (the "Purchaser") dated for reference April 18, 2006, a copy of which agreement is attached as Exhibit A to the McMahon Affidavit, is hereby approved on the terms of the Purchase Agreement.

3.  Upon delivery to the Purchaser of a certified copy of this Order, together with a letter from the Receiver addressed to the Purchaser confirming that the Order is thereby delivered, title to the personal property of Maple Leaf as described in the Purchase Agreement (the "Purchased Assets") shall be vested in the Purchaser, its successors and assigns, absolutely, free and clear of all estate, right, title, interest, hypothecs, security interests, trusts or deemed trust (whether contractual, statutory or otherwise) assignments, executions, options, adverse claims, levies, agreements, taxes, claims provable as a result of Maple Leaf being adjudged bankrupt, claims, charges, liens, encumbrances or any other rights, claims, disputes and debts whether or not they have attached or have been perfected registered or filed whether secured or unsecured or otherwise (collectively referred to hereinafter as any "Claim" or "Claims"), by or of any and all persons or entities of any kind whatsoever, including, without limitation, all individuals, firms, corporations, partnerships, joint ventures, trusts, unincorporated organizations, governmental and administrative bodies,

TRADEMARK
REEL: 003530 FRAME: 0625

3

agencies, authorities or tribunals and all other natural persons or corporations whether acting in their capacity as principal or as agent, trustees, executors, administrators, successors and assigns and all persons claiming by, through or under them, or other legal representatives (collectively referred to hereinafter as the "Claimants") who have or may in the future have a Claim against the Purchased Assets.

4. As may be required to carry out the sale of the Purchased Assets, or any of them, by the Receiver, or as may otherwise be required to carry out the purpose and intent of the Purchase Agreement and of this Order, the Receiver is authorized to execute, all such documents of transfer, bills of sale, assignments and other documents and instruments, as may be required or desirable to effect or evidence the sale, transfer and assignment of the Purchased Assets or any of them and the vesting of title, as ordered above, including without limitation any documents which may be required or that the Purchaser deems desirable to be registered at any registry or office where registration may be required or desirable to record, evidence or carry out the transfer of the Purchased Assets or any of them.

5. Upon the execution by the Receiver of the documents of transfer, bills of sale, assignments and other documents and instruments as aforesaid, and upon delivery of such documents of transfer, bills of sale, documents and instruments by the Receiver to the Purchaser, all the right, title and interest of Maple Leaf and the trustee in the bankruptcy of Maple Leaf in and to the Purchased Assets and all interests which may be described or referenced in such documents of transfer, bills of sale, assignments, documents and instruments, to the extent that the transfer thereof had not previously been fully perfected by this Order, shall be transferred to and vest in the Purchaser, free and clear of all right, title and interest of all Claimants and all persons claiming by, through or under them or any of them.

TRADEMARK
REEL: 003530 FRAME: 0626

4

6. The Receiver is hereby authorized to agree with the Purchaser to an extension of the Closing Date under the Purchase Agreement, and in such case all references in this Order to the Purchase Agreement shall be deemed to be references to the Purchase Agreement as so amended.

7. The Receiver is hereby authorized, subject to the approval of Astra Credit Union Ltd.:

    a. to pay all outstanding lease and other payments to be paid on account of the Office Equipment Leases, as these assets are described in the Purchase Agreement, which may be payable on account of any of Maple Leaf's obligations under those leases which should have been performed prior to the closing of the transaction subject of the Purchase Agreement; and

    b. to pay all amounts secured against any of the Purchased Assets pursuant to security which in the Receiver's opinion ranks in priority to the security of the Astra Credit Union Ltd.

8. The Receiver and the Purchaser shall be at liberty to apply for such further and other directions as may be necessary to carry out the terms of this Order.

9. The adjusted purchase price received by the Receiver in respect of the sale of the Purchased Assets shall be retained by the Receiver and shall be dealt with in accordance with any existing or further Orders of the Court.

10. The sale proceeds from the sale of each specific Purchased Asset included in the Purchased Assets shall stand in the place and stead of the Purchased Asset sold and all liens, in rem claims, encumbrances and other interests that are attached to a Purchased Asset prior to its sale shall attach to the sale proceeds with the

**TRADEMARK**
**REEL: 003530 FRAME: 0627**

5

same validity, priority and in the same amounts, and subject to the same defences, that existed when the liens, claims, encumbrances and other interests attached to the Purchased Asset.

Dated:     May 3, 2006

CERTIFIED A TRUE COPY

DEPUTY REGISTRAR

**TRADEMARK**
**REEL: 003530 FRAME: 0628**

RECORDED: 04/27/2007