UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61856-CIV-SEITZ/SIMONTON

INTERNATIONAL IMPORTERS, INC.,

        Plaintiff,

vs.

INTERNATIONAL SPIRITS & WINES, LLC
and FERNBREW PTY. LTD.,

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss Under Rule 12(b)(7) [DE-60]. Plaintiff's amended complaint alleges claims for: (1) trademark infringement under 15 U.S.C. §§ 1114(1) and 1125(a); (2) unfair competition under 15 U.S.C. § 1125(a); (3) trademark infringement under Florida common law; (4) unfair competition under Florida common law; and (5) deceptive and unfair trade practices under Florida Statute §§ 501.201 *et seq.* Defendants move to dismiss because all owners of the trademark are necessary party-plaintiffs to this action and Plaintiff has named one of the owners, Fernbrew Pty. Ltd. (Fernbrew) as a Defendant, in violation of prior Court orders. Because all of the owners of the trademark have not been named as party-plaintiffs, Defendants' motion is granted with leave to replead.

### I. Procedural History

Plaintiff filed its original complaint on October 5, 2010 against Defendants, International Spirits & Wine, LLC (IWS) and D'Aquino Group of Companies (D'Aquino). ISW and D'Aquino moved to dismiss the complaint because Plaintiff did not have standing to prosecute this case against either defendant because Plaintiff does not own or represent the entire interest of

the trademark at issue and, for the same reason, Plaintiff had failed to join an indispensable party to the litigation. Additionally, ISW and D'Aquino sought to dismiss D'Aquino as an improper party. After briefing and oral arguments, United States District Judge Jordan referred the motion, and others, to Magistrate Judge O'Sullivan. Magistrate Judge O'Sullivan issued a Report and Recommendation [DE-37], in which he recommended that the Motion to Dismiss be granted in part and denied in part (the Report). After the parties filed objections, Judge Jordan adopted the Report and Recommendation and gave Plaintiff leave to file an amended complaint.

The Report found that Plaintiff was not the sole owner of the trademark at issue (the Mark). The Report found that Fernbrew was, at least, a 25% owner of the Mark and possibly a 50% owner of the Mark.[1] The Report went on to conclude that all of the co-owners of the Mark were necessary parties to this action and should be added as co-plaintiffs or involuntary plaintiffs and, if Plaintiff were unable to join all of the co-owners, the complaint should be dismissed in its entirety. In addition, the Report recommended that D'Aquino be dismissed because service of process on D'Aquino was not appropriate.

After Judge Jordan adopted the Report, Plaintiff filed an amended complaint. The amended complaint drops D'Aquino as a party and names Fernbrew as a defendant. However, while the amended complaint alleges that Plaintiff is "an owner" of the Mark, it does not allege that Fernbrew is a partial owner of the Mark. The amended complaint does not name any additional plaintiffs or plead the existence of any co-owners of the Mark. As a result, Defendants

---

[1] The other possible owners of the remaining 25% are Maple Leaf Distillers, Inc., which was, at one time, an 100% owner of the Mark, and Angostura Canada, Inc., the purchaser of Maple Leaf's assets following Maple Leaf's insolvency.

ISW and Fernbrew have moved to dismiss for failure to name as party-plaintiffs all co-owners of the Mark.

## II. Discussion

Defendants move to dismiss because the amended complaint has not named the Mark's co-owners as party-plaintiffs as required by the Report and Judge Jordan's order adopting the Report. In response, Plaintiff raises arguments that have previously been rejected: Fernbrew is not an owner of the Mark, Fernbrew is not an indispensable party, and Angostura is not a necessary party. Judge Jordan, by adopting the Report, previously held that Fernbrew is a co-owner of the Mark and that all co-owners are necessary party-plaintiffs to this action. Plaintiff has not presented any new evidence to suggest otherwise. Thus, the Court will not readdress this issue.

As to Angostura, Plaintiff implicitly argues that Angostura is a partial owner of the Mark but has abandoned the Mark. However, in the Report, the Magistrate Judge found that a co-owner's use of a mark can be attributed to the other co-owner. *See* DE-37 at 12-13. Thus, if Angostura is a co-owner, as Plaintiff argues, Angostura has not abandoned the Mark, based on Plaintiff's use of the Mark, and is a necessary party-plaintiff to this action. Furthermore, regardless of who the co-owners of the Mark are, there is no question that Plaintiff is not the sole owner of the Mark. Consequently, Plaintiff's amended complaint has failed to comply with the Report and Judge Jordan's order because the amended complaint has not named any, let alone all, of the co-owners of the Mark as party-plaintiffs.

Finally, because this Court's jurisdiction is based on Plaintiff's federal trademark claims, Plaintiff's state law claims are also dismissed because the Court declines to exercise

supplemental jurisdiction over the state law claims, absent a valid federal question claim. Accordingly, it is hereby

ORDERED the Defendants' Motion to Dismiss Under Rule 12(b)(7) [DE-60] is GRANTED. Plaintiff shall file an amended complaint naming as parties all entities with ownership interests in the trademark by **May 30, 2012.**

DONE and ORDERED in Miami, Florida, this __9th__ day of May, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record